IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Heartland Payment Systems, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>Robert Michael Volrath,<br><br>    Defendant. | Civ. Action No.: 2:17-cv-05323-KSH-CLW |

**ORDER (WITH PRELIMINATRY RESTRAINTS)**

On September 18-19, 2017, the parties appeared before the Court and submitted evidence and argument on the Court's July 26, 2017 Order to Show Cause on why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure preliminarily enjoining and restraining the Defendant. (D.E. 15.)

In consideration of the evidence submitted and for the reasons set forth in this Court's written opinion of today's date,

It is on this 30th day of December 2017, hereby

**ORDERED** as follows:

Defendant Robert Michael Volrath and any person acting in concert with him are preliminarily enjoined and restrained from:

1. Possessing any of Heartland Payment System's ("HPS") confidential information, which for purposes of this preliminary injunction means confidential and/or proprietary information that is a competitive asset of HPS and its affiliates, including, but not limited to the terms of agreements or arrangements between HPS and any third parties, merchant/client/customer lists, lists of independent sales organizations, lists of sales agents and agencies, marketing strategies, marketing methods, development ideas and strategies, personnel training, support and development programs and materials, financial results, strategic plans and demographic analyses, trade secrets, business plans, product designs, statistical data, operating procedures, computer software and programs, source codes, pricing models, product information, compensation schedules and reports, and any other information concerning HPS or any of its affiliates or the business of HPS or any of its affiliates or any employees, suppliers, resellers, or customers of any of them (collectively, "Confidential Information").  Confidential Information does not include any Confidential Information that, through no fault of Defendant, becomes generally known to the public.

2. Directly or indirectly making known, divulging, revealing, furnishing, making available to any person or entity any Confidential Information (as that term is defined in (1) above).

3. Directly or indirectly using any Confidential Information (as that term is defined in (1) above).

4. The restraints listed at numbers 1-3 above do not preclude Defendant from communication with his counsel regarding matters relating solely to this litigation.

5. Directly or indirectly, soliciting, enticing, or inducing any HPS customer or other party having a contractual or business relationship with HPS to terminate or modify its contractual or business relationship with HPS.

6. Directly or indirectly soliciting, recruiting, or hiring any employee of HPS to work for a third party other than HPS or engage in any activity that would cause any employee to violate any agreement with HPS. Defendant is also ordered to return to HPS all of the Confidential Information in his possession, in any form whether electronic or hard copy, within one week of the entry of this Order.  Within three days of the return of this Confidential Information, Defendant shall submit a declaration to the Court certifying that he has returned to HPS all of the Confidential Information, in any form whether electronic or hard copy, in his possession to HPS.

And it is further

**ORDERED** that the parties are directed to appear forthwith in person before Magistrate Judge Cathy Waldor for the purpose of identifying the appropriate next steps in this litigation, including the entry of a joint stipulation resolving this litigation in full that provides reasonable restrictions consistent with this Court's accompanying written opinion.

s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

Dated:  December 30, 2017