<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEARTLAND PAYMENT SYSTEMS, LLC,<br><br>              *Plaintiff*,<br><br>   v.<br><br>ROBERT MICHAEL VOLRATH,<br><br>              *Defendant*. | Civil No. 2:17-5323 (KSH) (CLW)<br><br><br><br><u>Opinion</u> |

I.     Background

Pending before this Court is an application brought by Heartland Payment Systems seeking a preliminary injunction against its former employee. The merits of that application are the subject of a separate opinion by this Court. In conjunction with the litigation between the parties, Volrath has appealed an order of Magistrate Judge Cathy Waldor in which she granted Heartland's motion to quash a subpoena served in the course of discovery (D.E. 79, Text Order).

To prevail, Heartland must prove that the restrictive covenants imposed on Volrath protect its legitimate interests as an employer, impose no undue hardship on the employee, and are not injurious to the public. *See, HR Staffing Consultants LLC v. Butts*, 627 F. App'x 168, 171 (3d Cir. 2015). At issue in this appeal is what is

1

relevant in establishing the employer's legitimate interest and whether Heartland will otherwise suffer irreparable harm.

At the evidentiary hearing, Heartland introduced a declaration by Steven Casteel, an employee of Heartland, whom Volrath allegedly recruited in violation of a restrictive covenant in his employment agreement. (D.E. 3-3, Casteel Declaration.) On September 5, 2017, Volrath served a subpoena on Casteel to produce information relating to whether Casteel had in the past breached a contract with Heartland. (D.E. 61-1, Heartland's Motion to Quash, 2.) Specifically, the subpoena requested:

> "(1) All agreements, contracts, or other documents regarding your employment, consulting or other work for Central Payment or any other company other than HPS [Heartland] that sells payment processing services; (2) all agreements between [Casteel] and HPS including any agreements that outline the terms of your employment, restrictive covenants and commission purchases; (3) the Customer List; (4) all documents relating to communications or solicitations of customers from June 1, 2016 to present on behalf of Central Payment or any other company other than HPS that sells payment processing services; and (5) documents relating to commissions and any other payments made to you by Central Payment or any other company other than HPS that sells payment processing services."

(D.E. 61-3, Subpoena on Casteel, 8-9.)

Before Judge Waldor, Volrath argued that the subpoenaed documents are relevant as impeachment material and also bear on the reasonableness of the restrictive covenants Heartland seeks to enforce. (D.E. 84-2, Brief in Support of Volrath's Appeal of Magistrate Judge's Order, 5, 8.) Judge Waldor disagreed, finding all information in question to be irrelevant. (D.E. 79, Text Order.) Volrath timely appealed.

## II. Standard of Review

"The district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law." *See e.g., Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1120 (3d Cir. 1986); 28 U.S.C. § 636(b)(1)(A); L. Civ. R. 72.1(c)(1)(A). A finding is considered to be clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See e.g., United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995). On findings of fact, district courts are bound by the clearly erroneous standard, but on findings of law, "the phrase 'contrary to law' indicates plenary review." *Haines v. Ligget Group, Inc.*, 976 F.2d 81, 91 (3d Cir. 1992).

## III. Discussion

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Ev. 401(a)-(b). Volrath argues that the subpoenaed information is relevant because exposing efforts by Casteel to form relationships with a Heartland competitor makes less likely Heartland's claim that it has a legitimate interest in its merchant relationships in Iowa, or that it was irreparably harmed by Volrath's actions. His theory of relevance is that he and Casteel should be treated equally; that is, if Heartland sues Volrath to enforce restrictive covenants, then Heartland must also sue Casteel on the same grounds.

And, Volrath's logic continues, because Heartland has not sued Casteel, Heartland must not have a legitimate business interest in protecting its client relationships. (D.E. 84-2, Brief in Support of Volrath's Appeal of Magistrate Judge's Order, 6.) Further, according to Volrath, if Casteel's alleged breach does not harm Heartland, then Volrath's alleged breach cannot harm Heartland either. (*Id.* at 9.)

In pursuing this line of reasoning, Volrath may be underestimating his salesmanship abilities while overestimating Casteel's, or he may be undervaluing his accounts while inflating Casteel's. In the end, it is Heartland's prerogative to choose how to allocate its resources in protecting its interests. The volume of records concerning Casteel's clients and Casteel's communications with Heartland and Central Payment that Volrath seeks to discover is certainly a distraction from what Volrath did and tried to do. And insofar as Volrath genuinely has an argument regarding how seriously Heartland has heretofore pursued its rights under the restrictive covenants imposed on its managers, as Heartland notes, "even if Mr. Casteel's conduct were relevant to this case, Mr. Volrath already has whatever information he could need on this point" after hours of a deposition and declaration. (D.E. 61-1, Heartland's Brief, 4.)

Volrath disagrees with Judge Waldor's ruling, which was issued squarely within her considerable authority to manage discovery. *See*, 28 U.S.C. § 632(b)(1). This Court is satisfied that Judge Waldor's actions in quashing the subpoena are neither "clearly erroneous [nor] contrary to law."

IV. Conclusion

4

For the foregoing reasons, the Court denies defendant's appeal. An appropriate order will be entered.

<u>s/ Katharine S. Hayden</u><br>
Katharine S. Hayden, U.S.D.J.

Dated:  December 31, 2017